UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL ANTHONY WILLIAMS,

        Plaintiff,                             Case No. 1:08-cv-470

v.                                                  Honorable Robert Holmes Bell

CINDI S. CURTIN et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff shall pay the initial partial filing fee when funds become available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Keener*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

    I.       Factual allegations

Plaintiff is presently incarcerated at the Oaks Correctional Facility (ECF). In his *pro se* complaint, he sues the following ECF employees for violating his rights under the Eighth Amendment: Warden Cindi S. Curtin, Deputy Warden Michael Curley, Inspector Shawn Brewer, Captain (Unknown) Pant, Resident Unit Manager Robert Sanders, and Assistant Resident Unit Supervisor Gloria Hernandez.

On October 25, 2007, Officer Pinkerton ordered Plaintiff to pack up for his move from Segregation Housing Unit Three to Segregation Housing Unit Five. When Plaintiff disobeyed the direct order, Deputy Warden Curley authorized Captain Pant to use force to restrain Plaintiff. Captain Pant then entered Plaintiff's cell with an assault squad and sprayed him with a chemical agent. The chemical agent caused Plaintiff to cough and to experience shortness of breath. Eventually, Defendants restrained Plaintiff and Plaintiff received medical treatment. (Compl. at 2-3; docket #1.)

As a result of this incident, Plaintiff filed a grievance through the three-step grievance process. The Step I grievance response provides the following explanation of the incident:

> Prisoner Williams was given a direct order to be restrained for the move and refused the order from an Officer, Sergeant, Lieutenant, RUM, and ADW. Prisoner Williams continued with refusing and became disruptive. Use of force and chemical agents were authorized by Deputy Warden Curley. A cell extraction team was assembled, chemical agents were dispensed, and prisoner Williams eventually complied with the order and was moved without further incident or use of force.
>
> Prisoner Williams was interviewed and admit[ted] to refusing the orders, admit[ted] to blocking his cell door, and admit[ted] [that] he was not injured in the forced cell move.

(Attach. 1 to Compl., docket #1.)

For relief, Plaintiff requests compensatory and punitive damages.  (Compl. at 4.)

II.     Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint.  *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).  Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

The Eighth Amendment embodies a constitutional limitation on the power of the states to punish those convicted of a crime.  Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency."  *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981).  The Eighth Amendment also prohibits conditions of confinement which, although not physically barbarous, "involve the unnecessary and wanton infliction of pain."  *Id.* at 346.  Among the unnecessary and wanton infliction of pain are those that are "totally without penological justification."  *Id.*

Plaintiff alleges that Defendants violated his Eighth Amendment rights by improperly applying a chemical agent when he did not obey a direct order.  The Supreme Court has held that "whenever guards use force to keep order," the standards enunciated in *Whitley v. Albers*, 475 U.S.

312 (1986), should be applied. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). Under *Whitley*, the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7 (citing *Whitley*, 475 U.S. at 320-21). In determining whether the use of force is wanton and unnecessary, the court should evaluate the need for the application of force, the relationship between that need and the amount of force used, the threat "reasonably perceived by the responsible officials," and "any efforts made to temper the severity of a forceful response." *Hudson*, 503 U.S. at 7 (citing *Whitley*, 475 U.S. at 321). Under this standard, even deadly force may be constitutionally appropriate under certain circumstances. *Gravely v. Madden*, 142 F.3d 345, 349 (6th Cir.1998). Plaintiff's claim must be analyzed under the Supreme Court authority limiting the use of force against prisoners. This analysis is made in the context of the constant admonitions by the Supreme Court regarding the deference that the courts must accord to prison or jail officials as they attempt to maintain order and discipline within dangerous institutional settings. *See, e.g., Whitley*, 475 U.S. at 321-22.

In circumstances where lawful orders or rules are disregarded, prison officials are entitled to use a reasonable amount of force to obtain compliance. *See Caldwell v. Moore*, 968 F.2d 595, 602 (6th Cir.1992). In an unpublished case, the Sixth Circuit stated:

> Plaintiff was sprayed with gas only after he refused to allow Officer Beesley to place him in restraints. Under these circumstances, the defendants acted reasonably in spraying gas at plaintiff. This allowed them to restrain plaintiff in a more peaceful manner. Therefore, it was plaintiff's own conduct which necessitated the use of the gas.

*Knuckles El v. Koskinen*, No. 97-1642, 1998 WL 415847, at *2 (6th Cir. June 16, 1998). Similarly, Plaintiff's own conduct in refusing a direct order to be restrained required the use of force to obtain his compliance. The decision to use a chemical agent to obtain physical control is generally

preferred over the use of physical force. The court assumes that prison officials could have attempted a "cell-rush" with shields, truncheons, and handcuffs to forcibly enter Plaintiff's cell in an attempt to subdue and restrain him, rather than using chemical agents. However, other courts have found those types of physical confrontations are less safe than using a stun gun, tear gas or mace because of the greater risk of injury to staff, the inmate, or both. *See Caldwell*, 968 F.2d at 602; *see also Soto v. Dickey,* 744 F.2d 1260, 1266-267, 1270-271 (7th Cir. 1984). Thus, Defendants chose to use a lesser degree of force, which was applied in a good-faith effort to maintain or restore discipline, not to maliciously or to sadistically cause harm. *See Hudson*, 503 U.S. at 6-7. Further Plaintiff received a de minimus injury due to the chemical agent, i.e. coughing and shortness of breath. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 402 (6th Cir. 1999) (en banc) (the prisoner must allege that he sustained more than a de minimus injury in order to a state a viable excessive force claim) (citing *Hudson*, 503 U.S. at 9). Considering Plaintiff's admitted noncompliance with Defendants' orders, Defendants' use of force was reasonable. Accordingly, I recommend that Plaintiff fails to state an Eighth Amendment claim.

## Recommended Disposition

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

Dated:  June 3, 2008                                        /s/  Joseph G. Scoville
                                                                 United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).