UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| MICHAEL ANTHONY WILLIAMS,<br>#214930, | )<br>)<br>) |
| Plaintiff, | ) Case No. 1:08-cv-470 |
| v. | )<br>) Honorable Robert Holmes Bell |
| CINDI S. CURTIN, et al., | )<br>) **REPORT AND RECOMMENDATION** |
| Defendants. | )<br>)<br>) |

This is a civil rights action brought *pro se* by a state prisoner under 42 U.S.C. § 1983. Plaintiff's complaint arises out of an October 25, 2007 incident at the Oaks Correctional Facility (ECF). On March 3, 2009, this court dismissed plaintiff's complaint on initial screening. (docket # 10). On January 31, 2011, the Sixth Circuit overturned the dismissal, finding that under the liberal standards applicable to *pro se* pleadings, plaintiff's complaint alleged an excessive use of force in violation of plaintiff's Eighth Amendment rights. (1/31/11 Op., docket # 14). The Sixth Circuit's decision did not purport to address plaintiff's claims against any particular defendant.

The matter is now before me on a Rule 12(b)(6) motion to dismiss by defendants Cindi Curtin and Robert Sanders. (docket # 21). Plaintiff has filed his response (docket # 24), and the motion is ready for decision. Upon review, I recommend that defendants' Rule 12(b)(6) motion be granted.

**Plaintiff's Allegations**

Cindi Curtin and Robert Sanders are listed in the caption of plaintiff's complaint. (docket #1, ID# 1). Curtin is ECF's warden. (*Id.* at ¶ III(B), ID# 2). Sanders is a Resident Unit Manager (RUM). (*Id.* at ¶ III(C), ID # 2). The body of the complaint is devoid of factual allegations against either defendant.

**Discussion**

In order to state a claim against a state officer under 42 U.S.C. § 1983, plaintiff must allege facts showing that defendants, while acting under color of state law, deprived plaintiff of rights guaranteed by the United States Constitution or laws. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Liability under section 1983 must be based on active unconstitutional behavior. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951-52 (2009); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). A *pro se* complaint that merely names persons as defendants in the caption without alleging specific conduct by them is subject to summary dismissal. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1994); *see also Cameron v. Howes*, No. 1:10-cv-539, 2010 WL 3885271, at * 6 (W.D. Mich. Sept. 28, 2010) (collecting cases). In the absence of factual allegations of active unconstitutional behavior by defendants Curtin and Sanders, plaintiff's complaint fails to state a civil rights claim against these individuals.

**Recommended Disposition**

For the reasons set forth herein, I recommend that the Rule 12(b)(6) motion to dismiss by defendants Curtin and Sanders (docket # 21) be granted.


Dated:  December 16, 2011          /s/  Joseph G. Scoville
                                    United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).  General objections do not suffice.  *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).